IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENJAH J. HUGHSTON, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-1898 |
| : | |
| WARDEN SEAN P. MCGEE, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**KENNEY, J.**                                                                                                                                        **AUGUST 29, 2023**

Currently before the Court is the Amended Complaint of *pro se* Plaintiff Kenjah J. Hughston, a prisoner incarcerated at the Montgomery County Correctional Facility ("MCCF") from December 2021 to the present.[1] The Amended Complaint names four Defendants: MCCF Warden Sean McGee, MCCF Deputy Warden Thomas Berger, MCCF Board of Inspectors ("BOI") President Nancy Wieman, and MCCF BOI Vice President C. Browne. The Amended Complaint alleges a failure to provide Hughston adequate daily recreation time in violation of the Eighth and Fourteenth Amendments as well as a provision of the Pennsylvania State Administrative Code. For the following reasons, the Court will dismiss the Amended Complaint without prejudice and Hughston will be given one final opportunity to cure the deficiencies identified by the Court by filing a second amended complaint.

---

[1] Hughston was a pretrial detainee during most of that time, up to his conviction on March 7, 2023 for possession of a firearm, resisting arrest, reckless endangerment and a variety of other charges. *See Commonwealth v. Hughston*, CP-46-CR-0000591-2022 (C.P. Montgomery). The Court may consider matters of public record such as publicly available dockets in determining whether a pleading has stated a claim. *See Buck v. Hampton Twp Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1

I.  **BACKGROUND AND FACTUAL ALLEGATIONS**[2]

Hughston initially named thirteen individuals as defendants in his Complaint, alleging that upon arrival at MCCF he was "placed in 'max security housing' without a hearing and held to a recreational standard of disciplinary inmates." (ECF No. 3 at 4.)  Hughston claimed that MCCF "has no recreation policy in place for the prison." (*Id.*)  Although he did not explicitly state the amount of recreation time, Hughston noted that he received less than the two-hours a day required by "Title 37."[3]  (*Id.*)  Hughston claimed to suffer "all around health deterioration," and asked for monetary compensation and an order directing MCCF to "adhere to Title 37 recreational standards." (*Id.* at 4, 6.)

By Memorandum and Order dated June 20, 2023, the Court granted Hughston leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and granted Hughston leave to file an amended complaint.  (ECF Nos. 5, 6.)  The Court concluded that Hughston had not alleged a plausible constitutional claim based on a violation of state law, and specifically, Title 37.  *Hughston v. McGee*, No. 23-1898, 2023 WL 4141040, at *2 (E.D. Pa. June 22, 2023).  The Court further found that Hughston had not otherwise plausibly pled that receiving less than two-hours of daily recreation time violates the due process clause.  *Id.* at *3.  Finally, the Court concluded that

---

[2]  The allegations set forth in this Memorandum are taken from Hughston's Amended Complaint.  The Court adopts the pagination supplied by the CM/ECF docketing system.

[3]  The Court understood Hughston to be referring to 37 Pa. Code § 95.238, the section of the Pennsylvania Administrative Code applicable to county prisons that requires "[j]ails to provide all prisoners at least 2 hours daily" of physical activity with the exception of "inmates under disciplinary status or segregation [who] shall receive 1 hour of [] activity 5 days a week."  *See* 37 Pa. Code § 95.238 (1996); *see also Schwartz v. Cnty. of Montgomery*, 843 F. Supp. 962, 965 (E.D. Pa.), *aff'd*, 37 F.3d 1488 (3d Cir. 1994).

Hughston failed to allege personal involvement in any alleged wrongs on the part of any Defendant. *Id.* at *3-5. Hughston was allowed thirty-days to file an amended complaint. (*See* ECF No. 6.) He did so on July 5, 2023. (ECF No. 8.) Accordingly, the Court will screen the Amended Complaint pursuant to 28 U.S.C. § 1915.

Like the Complaint, the Amended Complaint focuses on Hughston's alleged inadequate recreation time at MCCF. Hughston alleges that "[d]eprivation of adequate recreation at [MCCF]" violates the "Fourteenth and Eighth Amendments also Title 37."[4] (ECF No. 8 at 2.) Hughston claims to have "verbally informed both Mr. McGee and Mr. Berger of the jail[']s violations violation of [T]itle 37" but his complaints were "deliberately ignored" by McGee, Berger and MCCF staff. (*Id*. at 3.) He also alleges that grievances he filed have been ignored. (*Id*.) Hughston also claims to have informed Defendants Wieman and Browne about the inadequate recreation time on "multiple Thursday inspection days, to no [a]vail." (*Id*.) As relief, Hughston seeks monetary and injunctive relief based on his "unconstitutional confinement." (*Id*. at 4.)

II.     **STANDARD OF REVIEW**

Because Hughston has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[4] Although he does not specify the amount of recreation time he receives at MCCF, construing Hughston's Amended Complaint liberally, the Court understands him to be alleging that he receives less than the recreation time stated in the regulation. *See* 37 Pa. Code § 95.238; *see also*, 61 Cons. Stat. Ann. § 5901 (providing that inmates, other than those housed in disciplinary units, receive two hours of daily physical exercise in the open, weather permitting).

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Hughston is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

### III.   DISCUSSION

Hughston's Amended Complaint is best construed as raising claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Court will dismiss Hughston's Amended Complaint for failure to allege a plausible claim for relief.

First, any claim that Hughston seeks to raise based on officials ignoring his grievances is not plausible. Claims based on the handling of prison grievances fail because "prison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*).

Hughston primarily alleges a violation of the "Fourteenth and Eighth Amendments [and] Title 37 [of the Pennsylvania administrative code]" based on inadequate recreation time at MCCF.[5] (ECF No. 8 at 2-3.)  He once again asserts a constitutional violation predicated on an alleged violation of state law.  As the Court previously explained to Hughston, violations of state law, assuming any such violation occurred here, do not on their own amount to a constitutional violation.  *See Hughston*, 2023 WL 4141040, at *2; *see Wyatt v. Dep't of Prob. & Parole*, No. 19-5460, 2020 WL 2307351, at *7 (E.D. Pa. May 8, 2020) ("[E]ven if this Court were to assume that the statute at issue was violated, a violation of state law generally does not equate to a federal constitutional violation.").  Rather, to establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment.  *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).  Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components.  *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind."  *Id.* (internal quotations and alterations omitted).

As the Court previously explained to Hughston, a denial of recreation time for short periods does not constitute the type of serious deprivation that amounts to objective punishment.  *See Hughston*, 2023 WL 4141040, at *3; *see, e.g.*, *Fortune v. Hamberger*, 379 F. App'x 116, 122 (3d Cir. 2010) (denial of adequate exercise for a period of fifteen days not "sufficiently serious" to

---

[5]  Because Hughston was both a pretrial detainee and a convicted inmate during the operative time, both the Eighth and Fourteenth Amendments apply.  The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees, while the Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement.  *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

implicate the Eighth Amendment); *Bacon v. Minner*, 229 F. App'x 96, 99 (3d Cir. 2007) (citing *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (forty-five minutes of exercise per week not constitutionally infirm)); *DiMaio v. George W. Hill Intake Dep't*, 367 F. Supp. 3d 301, 306 (E.D. Pa. 2019) (inmate's inability to receive more than one hour of recreation time per day did not constitute condition of confinement that violated Eighth or Fourteenth Amendments, absent demonstration that inability to receive more recreation time amounted to punishment or threatened inmate's health); *Diaz v. Cumberland Cnty.*, No. 10-3932, 2010 WL 3825704, *5 (D.N.J. Sept. 23, 2010) (dismissing a claim by pretrial detainee asserting that he was afforded only one hour of yard recreation per day).  While Hughston alleges that he was denied "adequate" recreation (*see* ECF No. 8 at 3), this characterization is conclusory and he fails to allege how much, if any, daily recreation he received and what recreation he was denied.  Accordingly, Hughston's constitutional claims based on inadequate recreation/exercise time will again be dismissed.  Because Hughston may be able to allege a plausible claim, he will be permitted one last opportunity to allege specific facts about what recreation he received and what recreation he was denied and for how long while he has been detained at MCCF in either a disciplinary setting or in the general population.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Hughston's Amended Complaint without prejudice for failure to state a claim.  Hughston will be given one final opportunity to "flesh out [his] allegations by . . . explaining in [the second] amended complaint the 'who, what, where, when and why' of [the] claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  Any second amended complaint must clearly describe the factual basis for Hughston's claims and how each defendant was involved in the alleged denial of

his Constitutional rights. An appropriate Order follows, which provides further instruction as to amendment.

           **BY THE COURT:**

           /s/ Chad F. Kenney

           _____
           **CHAD F. KENNEY, J.**