IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENJAH J. HUGHSTON,  :  | |
|     Plaintiff,  : | |
| : | |
| v.  : | CIVIL ACTION NO. 23-CV-1898 |
| : | |
| WARDEN SEAN P. MCGEE, *et al.*,  : | |
|     Defendants.  : | |

<u>MEMORANDUM</u>

KENNEY, J.                                                                                                              OCTOBER 10, 2023

Following the dismissal of his initial and Amended Complaints for failure to state a claim, *pro se* Plaintiff Kenjah J. Hughston has returned with a Second Amended Complaint that once again alleges a failure on the part of the Defendants to provide Hughston adequate daily recreation time during his incarceration at the Montgomery County Correctional Facility ("MCCF") from December 2021 to the present.[1] For the following reasons, the Court will dismiss the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without further leave to amend.

I.      BACKGROUND AND FACTUAL ALLEGATIONS[2]

Hughston initially named thirteen defendants in his Complaint, alleging that upon arrival at MCCF he was "placed in 'max security housing' without a hearing and held to a recreational

---

[1] Hughston was a pretrial detainee during most of that time, up to his conviction on March 7, 2023 for possession of a firearm, resisting arrest, reckless endangerment and a variety of other charges. *See Commonwealth v. Hughston*, CP-46-CR-0000591-2022 (C.P. Montgomery). The Court may consider matters of public record such as publicly available dockets in determining whether a pleading has stated a claim. *See Buck v. Hampton Twp Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] The factual allegations are taken from Hughston's Complaint, Amended Complaint, Second Amended Complaint, and public dockets. The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

1

standard of disciplinary inmates." Compl. at 4. Hughston claimed that MCCF "has no recreation policy in place for the prison." *Id*. Although he did not explicitly state the amount of recreation time he received, Hughston asserted that it was less than the two-hours a day required by "Title 37."[3] *Id*. Hughston claimed to suffer "all around health deterioration," and asked for monetary compensation and an order directing MCCF to "adhere to Title 37 recreational standards." *Id*. at 6.

By Memorandum and Order dated June 20, 2023, the Court granted Hughston leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and granted Hughston leave to file an amended complaint. ECF Nos. 5, 6. The Court concluded that Hughston had not alleged a plausible constitutional claim based on a violation of state law, and specifically, Title 37. *Hughston v. McGee*, No. 23-1898, 2023 WL 4141040, at *2 (E.D. Pa. June 22, 2023). The Court further held that Hughston had not otherwise plausibly pled that receiving less than two-hours of daily recreation time violates the Due Process Clause. *Id*. at *3. Finally, the Court concluded that Hughston failed to allege personal involvement in any alleged wrongs on the part of any named Defendant. *Id.* at *3–5. Hughston was allowed thirty-days to file an amended complaint. *See* ECF No. 6. He did so on July 5, 2023. ECF No. 8.

Like the Complaint, the Amended Complaint focused on Hughston's alleged inadequate recreation time at MCCF. *See generally* Am. Compl. Hughston renamed four Defendants: Warden

---

[3] The Court understood Hughston to be referring to 37 Pa. Code § 95.238, the section of the Pennsylvania Administrative Code applicable to county prisons that requires "[j]ails to provide all prisoners at least 2 hours daily" of physical activity with the exception of "inmates under disciplinary status or segregation [who] shall receive 1 hour of [] activity 5 days a week." *See* 37 Pa. Code § 95.238 (1996); *see also* 61 Pa. Cons. Stat. Ann. § 5901 (providing that inmates, other than those housed in disciplinary units, receive two hours of daily physical exercise in the open, weather permitting).

McGee, Assistant Warden Berger, Board of Inspectors President Wieman, and Board of Inspections Vice President Browne.  *Id.* at 1–2.  Hughston claimed to have "verbally informed both Mr. McGee and Mr. Berger of the jail[']s violations violation of [T]itle 37" but his complaints were "deliberately ignored" by McGee, Berger and MCCF staff.  *Id*. at 3.  He also alleged that grievances he filed were ignored.  *Id*.  Hughston also claimed to have informed Defendants Wieman and Browne about the inadequate recreation time on "multiple Thursday inspection days, to no [a]vail."  *Id*.  As relief, Hughston sought monetary and injunctive relief based on his "unconstitutional confinement."  *Id*. at 4.

In an August 29, 2023 Memorandum and Order, the Court dismissed Hughston's Amended Complaint without prejudice.  *See Hughston v. McGee*, No. 23-1898, 2023 WL 5618937, at *3 (E.D. Pa. August 29, 2023).  First, the Court dismissed any claims based on officials ignoring Hughston's grievances as not plausible.  *Id.* at *2.  The Court again dismissed Hughston's constitutional claims predicated on an alleged violation of a state law, namely, Title 37 of the Pennsylvania administrative code.  *Id*.  Finally, the Court reminded Hughston that a denial of recreation time for short periods does not constitute the type of serious deprivation that amounts to objective punishment under the Constitution.  *Id*.  Because Hughston's allegation that he was denied "adequate" recreation time was conclusory, the Court gave Hughston thirty days to file a second amended complaint in the event he could cure the defects in the claims the Court had dismissed without prejudice.  *Id*. at *3.  Hughston was instructed that any second amended complaint was required to include specific facts about what recreation he received and what recreation he was denied and how long while he was detained at MCCF in any capacity.  *Id.*

Hughston now returns with a Second Amended Complaint ("SAC").[4] As in his prior pleadings, Hughston claims that he received less than two-hours of recreation time in violation of Title 37 of the state administrative code. SAC at 2-3. He now specifies that he has received one-hour of recreation time a day since he arrived at MCCF in December 2021. *Id*. at 3. Hughston reiterates that he complained about the limited amount of recreation time but his grievances were "not responded to due to MCCF broken system." *Id*. He claims his limited amount of recreation time led to physical and mental injuries, including obesity and the need to increase his medications, for which he seeks monetary damages and a court order directing "MCCF to adhere to title 37 recreation standards." *Id*.

## II.     STANDARD OF REVIEW

Since Hughston is proceeding *in forma pauperis*, his SAC is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the SAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[4]     In the SAC, Hughston renames as defendants Warden McGee, MCCF Board of Inspectors, BOI President Weiman, and BOI Vice President Browne. (*See* ECF Nos. 8, 11.) He also renames defendants previously dismissed with prejudice including: all policy makers, psychiatric medical staff at MCCF, and the MCCF Board of Inspections. To the extent Hughston adds as defendants Montgomery County and MCCF itself, those claims fail. First, a jail is not a person under § 1983, and therefore, any claims against MCCF must be dismissed as frivolous. *See Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Wiggins v. Montgomery Cnty. Corr. Facility*, No. 87-6992, 1987 WL 14721, at *1 (E.D. Pa. Nov. 16, 1987) ("[T]he Montgomery County Correctional Facility is *not* a person under § 1983."). Moreover, to the extent Hughston names Montgomery County itself, he has not plausibly alleged that a custom, policy or practice gave rise to the violation of his constitutional rights. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978). As discussed more fully *infra,* Hughston has failed to establish that limiting an inmate to one hour of daily recreation time rises to the level of a constitutional violation.

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id*. Because Hughston is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "[L]iberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App' x 173, 175 n.3 (3d Cir. 2019) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

### III. DISCUSSION

Hughston's SAC raises claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Even under a liberal pleading standard, Hughston's SAC once again falls short of providing sufficient factual allegations to allege any plausible claim.

First, any claim that Hughston seeks to raise based on officials ignoring his grievances is not plausible. Claims based on the handling of prison grievances fail because "prison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*).

In his SAC, Hughston specifies that he receives one hour of recreation per day. *Id*. at 3. He primarily alleges receiving less than two-hours of daily recreation time violates Title 37 [of the Pennsylvania administrative code] and therefore, amounts to a constitutional violation. SAC at 2-3. As the Court previously explained to Hughston, violations of state law, assuming any such violation occurred here, do not on their own amount to a constitutional violation. *See Hughston*, 2023 WL 4141040, at *2; *see also Wyatt v. Dep't of Prob. & Parole*, No. 19-5460, 2020 WL 2307351, at *7 (E.D. Pa. May 8, 2020) ("[E]ven if this Court were to assume that the statute at issue was violated, a violation of state law generally does not equate to a federal constitutional violation.").

In order to establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment.[5] *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).

As the Court previously explained to Hughston, a denial of recreation time for short periods does not constitute the type of serious deprivation that amounts to objective punishment. *See Hughston*, 2023 WL 4141040, at *3; *see, e.g., Fortune v. Hamberger*, 379 F. App' x 116, 122 (3d

---

[5] Because Hughston was both a pretrial detainee and a convicted inmate during the operative time, both the Eighth and Fourteenth Amendments apply. The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees, while the Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

Cir. 2010) (denial of adequate exercise for a period of fifteen days not "sufficiently serious" to implicate the Eighth Amendment). Notably, courts have found one hour of daily recreation time is sufficient to pass constitutional muster. *See DiMaio v. George W. Hill Intake Dep't*, 367 F. Supp. 3d 301, 306 (E.D. Pa. 2019) (inmate's inability to receive more than one hour of recreation time per day did not constitute condition of confinement that violated Eighth or Fourteenth Amendments, absent demonstration that inability to receive more recreation time amounted to punishment or threatened inmate's health); *Diaz v. Cumberland Cnty.*, No. 10-3932, 2010 WL 3825704, *5 (D.N.J. Sept. 23, 2010) (dismissing a claim by pretrial detainee asserting that he was afforded only one hour of yard recreation per day); *cf. Carroll v. Delaware Cnty. of Pennsylvania*, No. 22-1720, 2023 WL 2868020, at *16 (E.D. Pa. Apr. 10, 2023) ("[L]ack of exercise may constitute cruel and unusual punishment where 'movement is denied and muscles are allowed to atrophy.'"). While Hughston alleges that his recreation time was limited to one hour per day while confined at MCCF, he has failed to allege a plausible claim that the daily one-hour limitation constituted objective punishment. Accordingly, Hughston's constitutional claims based on inadequate recreation/exercise time will be dismissed.[6] *See Bacon v. Minner*, 229 F. App'x 96, 99

---

[6] Hughston's SAC fails for an additional reason. Hughston does not allege the requisite personal involvement of the defendants in order to establish a § 1983 claim. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). The only Defendant mentioned in the SAC is Warden McGee. Hughston claims that he grieved to Warden McGee without success. SAC at 3. However, as discussed *supra*, claims based on the handling of prison grievances fail. *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . based upon his perception that [the defendant] ignored and/or failed to properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))).

(3d Cir. 2007) (citing *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (forty-five minutes of exercise per week not constitutionally infirm)).

IV.     **CONCLUSION**

For the foregoing reasons, Hughston's SAC will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. As Hughston has already been given multiple opportunities to cure the defects in his claims and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). Accordingly, Hughston's SAC is dismissed with prejudice. An appropriate Order follows.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**
